UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES F. HELTON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | NO.: 3:07-CV-111 |
| ) | (VARLAN/GUYTON) |
| ROANE COUNTY INC. TN, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

Plaintiffs James F. Helton, Alice Joan Helton, Karen Sue Helton, and James Wade Helton (hereinafter collectively referred to as "Plaintiffs") filed the present pro se civil action.[1] Plaintiffs make claims against David Haggard ("Haggard"), Adam Wilson ("Wilson"), and Guy McGuckin ("McGuckin"), in their official and individual capacities, and against Roane County Inc. TN ("Roane County") (hereinafter collectively referred to as "Defendants"), alleging constitutional violations and conspiracy pursuant to 42 U.S.C. § 1983. Plaintiffs also state claims of assault and battery, intentional infliction of emotional distress, negligence, malicious abuse of process, false arrest, and false imprisonment. Defendants have filed a Motion for Summary Judgment [Doc. 6]. The Court granted Plaintiffs' request for an extension of time to file a response, and Plaintiffs filed their

---

[1] The Court recognizes the significant, though not boundless, leeway afforded to pro se plaintiffs. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

response before the extended filing deadline expired. [Docs. 8, 10, 12.] Defendants' motion [Doc. 6] is now ripe for determination.[2]

The Court has carefully considered the motion and supporting materials [Docs. 6, 7, 12] in light of the entire record and controlling law. For the reasons set forth herein, Defendants' Motion for Summary Judgment [Doc. 6] will be **GRANTED**.

I. **RELEVANT FACTS**

Defendant Roane County is a governmental entity that operates the Roane County Sheriff's Department. [Doc. 1 at ¶ 8.] Defendants Wilson and McGuckin are deputies employed by the Roane County Sheriff's Department. [Doc. 1 at ¶ 9.] Defendant Haggard is the Sheriff of Roane County. [*See* Doc. 1.]

On March 30, 2006, Plaintiffs James Helton and Alice Joan Helton were placed under arrest and charged with disorderly conduct and assault on an officer.[3] [Doc. 1 at ¶ 1, Doc. 7 at 2.] Defendants claim the incident arose after Officers Wilson and McGuckin responded to a call regarding a dispute over utilities. [Doc. 7 at 1.] Plaintiffs James and Alice Helton allegedly arrived on the scene in their van, and an altercation ensued resulting in the arrests of James and Alice Helton. [Doc. 7 at 1.]

Plaintiffs allege that Defendants Wilson and McGuckin assaulted them during and after their arrest. [Doc. 1 at ¶ 1.] Plaintiffs claim that Defendants Wilson and McGuckin used

---

[2]In the proposed discovery plan submitted on June 9, 2008, the parties agreed that Defendants' pending motion for summary judgment is ripe for consideration. [*See* Doc. 13 at 3.]

[3]Plaintiffs' complaint fails to identify whether "James F. Helton" or "James Wade Helton" was arrested on March 30, 2006. [*See* Doc. 1.]

excessive force and deprived them of liberty and punishment without due process of law. [Doc. 1 at ¶ 14.] These allegations include the "use of unusual punishment in the form of intimidation and coercion tactics of verbal and physical" abuse. [Doc. 1 at ¶ 21.] Plaintiffs also claim that Defendant Roane County tolerated a pattern and practice of alleged unconstitutional actions by its officers and failed to adequately train, direct, supervise, or control Defendants Wilson and McGuckin. [Doc. 1 at ¶ 25.] Plaintiffs also allege that Defendants Wilson and McGuckin conspired to violate their civil rights "by acting in concert to creat[e] an environment of intimidation and coercion, including the use of verbal and physical abuse." [Doc. 1 at ¶ 28.] They also allege that Defendant Roane County's system of reviewing police conduct denied Plaintiffs their constitutional rights. [Doc. 1 at ¶¶ 16, 17.] The record in this case does not identify how Karen Sue Helton and the other James Helton are involved in the present case.[4] [*See* Doc. 1.]

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P. 56(c), summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party bears the burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party.

---

[4]The "other James Helton" refers to the James Helton (either "James F. Helton" or "James Wade Helton") who was not arrested on March 30, 2006, by Defendants Wilson and McGuckin.

*Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* at 249. The judge does not weigh the evidence, judge the credibility of witnesses, nor determine the truth of the matter. *Id.* Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

### III. ANALYSIS

Federal statute provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. To prevail on a § 1983 claim, a plaintiff must prove (1) deprivation of a right protected by the Constitution or laws of the United States (2) by person acting under color of state law. *Boykin v. Van*

*Buren Twp.*, 479 F.3d 444, 451 (6th Cir. 2007) (citing *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)). Municipalities and other local government units are included among those "persons" to whom § 1983 applies. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690 (1978). Pursuant to § 1983, Plaintiffs make claims under the Fourth, Fifth, Eighth, and Fourteenth Amendments against the Defendants in this case.

    **A.    Defendants Wilson and McGuckin - Individual Capacity**

In their complaint, Plaintiffs allege that the actions of Defendants Wilson and McGuckin "constitute[d] unreasonable and excessive use of force, deprivation of liberty and punishment without due process of law." [Doc. 1 at ¶ 14.] They also allege that they "acted with actual malice toward Plaintiffs and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiffs." [Doc. 1 at ¶ 14.] Plaintiffs also claim that Defendants Wilson and McGuckin "conspired to violate Plaintiff's [sic] statutory civil rights by acting in concert to creating an environment of intimidation and coercion, including the use of verbal and physical abuse." [Doc. 1 at ¶ 28.] In their motion for summary judgment, Defendants contend that qualified immunity applies to Defendants Wilson and McGuckin, so they are entitled to not stand trial and are immune from suit. There is a multi-step process for analyzing claims of qualified immunity: (1) whether the facts viewed in the light most favorable to the plaintiff shows that a constitutional violation occurred and (2) whether the violation involved a clearly established constitutional right of which a reasonable person would have known. *Curry ex rel. Curry v. Hensiner*, 513 F.3d 570, 576 (6th Cir. 2008). The Sixth Circuit has occasionally expanded the analysis to include

a third inquiry: (3) whether plaintiff has alleged sufficient facts and supported the allegations by sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established rights. *Id.* "The third inquiry impacts the analysis when *despite* the violation of a clearly established constitutional right, the official's conduct was objectively reasonable, and so should still enjoy qualified immunity." *Id.* (emphasis in original) (citing *Sample v. Bailey*, 409 F.3d 689, 696 n.3 (6th Cir. 2005)).

When the defense of qualified immunity is raised, it is ultimately the plaintiff's burden to prove that the state officials are not entitled to qualified immunity. *Ciminillo v. Streicher*, 434 F.3d 461, 466 (6th Cir. 2006). "The defendant bears the initial burden of coming forward with facts to suggest that he acted within the scope of his discretionary authority during the incident in question." *Gardenhire v. Schubert*, 205 F.3d 303, 311 (6th Cir. 2000). Then, "the burden shifts to the plaintiff to establish that the defendant's conduct violated a right so clearly established that any official in his position would have clearly understood that he was under an affirmative duty to refrain from such conduct." *Id.* However, summary judgment is not appropriate if there is a factual dispute involving an issue on which the question of immunity turns or if the undisputed facts show that a defendant's conduct did indeed violate clearly established rights. *Id.* (citations omitted).

In the present case, Defendants have come forward with facts suggesting that Defendants Wilson and McGuckin acted within "the ambit of an officer's discretionary authority" when "affecting an arrest on a perpetrator." [Doc. 7 at 4.] More specifically, they contend that the arrests of Plaintiffs James and Alice Helton resulted after an altercation.

6

[Doc. 7 at 1.] The decision of an officer to arrest or not arrest for an offense committed in his presence is generally discretionary. *See State v. Duer*, 616 S.W.2d 614, 615-16 (Tenn. Crim. App. 1981); *Seidner v. Metro. Gov't of Nashville-Davidson County*, No. 01-A-01-9012-CV00451, 1991 WL 66440, at *3 (Tenn. Ct. App. May 1, 1991). Likewise, the Sixth Circuit has recognized that officers must use "on-the-spot judgment about the level of force necessary in light of the circumstances of the particular case." *Dorsey v. Barber*, 517 F.3d 389, 401 (6th Cir. 2008). Accordingly, Defendants have come forward with sufficient facts to suggest that Defendants Wilson and McGuckin acted within the scope of their discretionary authority.

Plaintiffs now bear the burden to establish that Defendants Wilson and McGuckin's conduct violated a right so clearly established that any official in their position would have clearly understood that they were under an affirmative duty to refrain from such conduct. After reviewing the record, the Court finds that Plaintiffs have not met this burden due to the lack of factual allegations. The Sixth Circuit has recognized that "[i]t is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law" and that "[s]ome factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). Thus, when defendants move for summary judgment, "plaintiffs must produce some factual support for their claim to avert dismissal." *Id.* Even though pro se litigants are afforded greater leniency as to their pleadings, this standard still requires basic pleading standards. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Thus, there is a lack of

specific facts to establish Defendants Wilson and McGuckin's conduct violated a clearly established right. Additionally, Plaintiffs have not offered sufficient evidence to indicate that what Defendants Wilson and McGuckin did was objectively unreasonable in light of the clearly established constitutional rights. *Sample*, 409 F.3d at 695-96. Because Plaintiffs have failed to meet their qualified immunity burden, summary judgment will be granted as to Defendants Wilson and McGuckin, in their individual capacities.

The Court notes there are also insufficient allegations of conspiracy. In *Guiterrez v. Lynch*, the Sixth Circuit recognized that "[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state a claim under § 1983." 826 F.2d 1534, 1538 (6th Cir. 1987). In the present case, Plaintiffs allege that Defendants Wilson and McGuckin "conspired to violate Plaintiff's [sic] statutory civil rights by acting in concert to creating [sic] an environment of intimidation and coercion, including the use of verbal and physical abuse" and incorporate allegations related to their § 1983 claims. [Doc. 1 at ¶ 28.] However, they fail to specify material facts aside from general allegations of "unreasonable and excessive use of force" and "intimidation and coercion tactics of verbal and physical abuse." [*See* Doc. 1 at ¶¶ 14, 21, 22, 28.]

### B. Defendant Haggard - Individual Capacity

Plaintiffs' complaint alleges that "the supervisors who supervised the Defendant officers who unlawfully violated Plaintiff's [sic] rights encourage and tolerate the policies and practices" described in their complaint. [Doc. 1 at ¶ 24.] Thus, it appears that Plaintiffs

8

sue Defendant Haggard, in his individual capacity, based on a theory of "supervisory liability" due to his position as Sheriff of Roane County.

"Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006) (citations omitted). To find liability, "the supervisors must have actively engaged in unconstitutional behavior." *Id.* In other words, Plaintiffs must prove that Defendant Haggard "did more than play a passive role in the alleged violations or show mere tacit approval of the goings on." *Id.* They must show that Defendant Haggard "somehow encouraged or condoned the actions of [his] inferiors." *Id.*

Even affording Plaintiffs substantial leniency in stating their claim that Defendant Haggard encouraged and tolerated the alleged unconstitutional policies and practices of Defendants Wilson and McGuckin, they have presented no evidence to support this claim. In *Gregory*, the Sixth Circuit held that to survive summary judgment plaintiffs must present evidence "that any execution of the supervisors' job function resulted in Plaintiff's injury." *Id.* at 752 (discussing the need for plaintiffs to present evidence "that it was the *active performance* of the defendants' individual job function which directly resulted in their constitutional injury" (emphasis in original)).

In the present case, Plaintiffs have presented no evidence to support their supervisory liability claim against Defendant Haggard, in his individual capacity, including any evidence that the active performance of his individual job functions resulted in their alleged constitutional injuries. This case is distinguishable from those where it was error for the

district court to grant summary judgment before a party was afforded sufficient opportunity to conduct discovery. *See McKinley v. City of Mansfield*, 404 F.3d 418, 442-43 (6th Cir. 2005). The non-movants in those cases satisfied their obligation to inform the district court of the need for discovery by filing an affidavit pursuant to Fed. R. Civ. P. 56(f) that details the discovery needed or by filing a motion for additional discovery. *See Id.; Abercrombie & Fitch Stores, Inc. v. American Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002). In the present case, Plaintiffs have not filed the necessary affidavit or motion and have agreed that Defendants' motion for summary judgment is ripe for consideration. [Doc. 13 at 3.] Accordingly, summary judgment will be granted as to the claim against Defendant Haggard, in his individual capacity, due to insufficient evidence.

### C. Defendants Haggard, Wilson, and McGuckin in their official capacities and Roane County, Tennessee

In their motion for summary judgment, Defendants Haggard, Wilson, and McGuckin, in their official capacities, and Defendant Roane County, Tennessee, contend that summary judgment should be granted because Plaintiffs have failed to show that their civil rights were violated pursuant to an unconstitutional policy or custom of Roane County. [Doc. 7 at 5.]

The Court first notes that the claims against Defendant Haggard, in his official capacity as Sheriff of Roane County, and Defendants Wilson and McGuckin, in their official capacities as deputies of the Roane County Sheriff's Department, are in essence claims against Roane County. The Supreme Court has recognized that "official-capacity suits generally represent only another way of pleading an action against an entity of which an

officer is an agent." *Monell*, 436 U.S. at 690 n.55. Similarly, the Sixth Circuit has held that "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Thus, in a suit such as this, where Plaintiffs have filed their complaint against both the officers in their official capacity and sued the county itself, the official capacity suits are simply redundant. Accordingly, the claims against Defendants Haggard, Wilson, and McGuckin, in their official capacities, will be dismissed. Pending the Court's further analysis herein, Roane County will remain as a defendant.

The Sixth Circuit has previously found that municipal defendants, like Roane County, cannot be held liable solely based on the conduct of employees because respondeat superior is not available as a theory of recovery under § 1983. *See, e.g., Doe v. Claiborne County, Tennessee*, 103 F.3d 495, 507 (6th Cir. 1996). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. Thus, Roane County "cannot be found liable unless the [P]laintiff can establish that an officially executed policy, or the toleration of a custom within [Roane County] leads to, causes, or results in the deprivation of a constitutionally protected right." *Doe*, 103 F.3d at 507 (citing *Monell*, 436 U.S. at 690-91). A municipal "policy" for purposes of § 1983 requires a "deliberate choice to follow a course of action . . . made from among various alternatives by the official or the

11

officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). A "custom" sufficient as a basis for a civil rights violation must be "so permanent and well settled as to constitute a custom or usage with the force of law." *Feliciano v. City of Cleveland*, 988 F.2d 649, 656 (6th Cir. 1993). Additionally, a plaintiff must show that the municipal defendant itself caused the constitutional violation, or a direct causal link between the policy or custom and the constitutional injury. *Doe*, 103 F.3d at 508.

A municipal liability claim relies on a two-pronged inquiry: (1) Whether the plaintiff has asserted the deprivation of a constitutional right at all; and (2) Whether the County is responsible for that violation. *Id.* at 505-06. In the present case, Plaintiffs contend that Defendant Roane County is liable for (1) tolerating "a pattern and practice of unreasonable use of force, punishment and deprivation of Constitutional Guarantees by its police officers so they can affect an arrest;" (2) maintaining "a system of review of police conduct through its departments, including Internal Affairs, which is so untimely and cursory as to be ineffective;" (3) causing "police officers to believe that their misconduct, abuse of power, and denial of civilian rights would not be aggressively, honestly, and properly investigated;" (4) authorizing "certain officers . . . to cover up the use of unusual punishment in the form of intimidation and coercion tactics of verbal and physical abuse;" (5) encouraging and causing "constitutional violations by police officers;" (6) inadequate training and supervision; and (7) liability for the alleged acts of Defendants Wilson and McGuckin. [Doc.

7 at 3-5.] Plaintiffs claim that these alleged acts constitute violations of their Fourth, Fifth, Eighth, and Fourteenth Amendment rights.

After reviewing relevant law, the Court finds that Plaintiffs cannot rely on the Fifth and Eighth Amendment for their § 1983 claim against Roane County. The Fifth Amendment's due process clause "only prohibits due process violations by the federal government." *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 649 n.3 (6th Cir. 2007). Because Roane County is a non-federal government entity, the Fifth Amendment is inapplicable in the present case. Likewise, the Eighth Amendment is inapplicable to this case because it is implicated after criminal conviction. *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977) ("[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment."). Accordingly, summary judgment will be granted to the extent Plaintiffs' § 1983 claim relies upon the Fifth and Eighth Amendment.

Summary judgment will also be granted as to Plaintiffs' claims against Roane County, to the extent there is reliance solely on the conduct of Defendants Wilson and McGuckin. As previously discussed, respondeat superior is not available as a theory of recovery under § 1983. *See, e.g., Doe*, 103 F.3d at 507. Thus, Plaintiffs cannot prevail on claims based on such a theory.

As to the remaining alleged violations of the Fourth and Fourteenth Amendments, the Court finds that there is no genuine issue of material fact in this case. In their complaint, Plaintiffs allege that Roane County affirmatively acted in a manner constituting policies or customs giving rise to § 1983 liability. Plaintiffs also make claims under a deliberate indifference or an inaction theory, including failures regarding training and supervision of its officers. *See id.* at 508. The Sixth Circuit has held that summary judgment is appropriate when "there is no evidence a government custom or policy led to any adverse action against Plaintiffs." *Jenkins v. Rock Hill Local Sch. Dist.*, 513 F.3d 580, 589 (6th Cir. 2008). Though Plaintiffs state that they feel "entitled to a trial to present their witnesses," there is insufficient evidence on the record to support their claims at the summary judgment stage. [Doc. 12 at 1.] Furthermore, as discussed previously, Plaintiffs have agreed that the motion for summary judgment is ripe for consideration, so the Court has made this determination based on the record before it. [Doc. 13 at 3.] Accordingly, summary judgment is proper in this case and will be granted as to the § 1983 claim against Roane County.

**D.    State Law Claims**

In light of the Court's ruling on Plaintiffs' federal claims against Roane County and Defendants Haggard, Wilson, and McGuckin, as set forth above, the Court will decline to continue to exercise supplemental jurisdiction over Plaintiffs' state law causes of action against those defendants. 28 U.S.C. § 1367(c). Accordingly, Plaintiffs' claims of assault and battery, intentional infliction of emotional distress, negligence, malicious abuse of process,

false arrest, false imprisonment, criminal trespass, and harassment will be dismissed without prejudice to refiling in state court.

## IV. CONCLUSION

For the reasons set forth herein, Defendants David Haggard, Adam Wilson, Guy McGuckin, and Roane County Inc. TN's motion for summary judgment [Doc. 6] will be **GRANTED**, whereby Plaintiffs James F. Helton, Alice Joan Helton, Karen Sue Helton, and James Wade Helton's federal claims will be **DISMISSED with prejudice**. Plaintiffs' state law claims will be **DISMISSED without prejudice to refiling**. As there are no remaining claims, this case will be **DISMISSED** against Defendants David Haggard, Adam Wilson, Guy McGuckin, and Roane County Inc. TN.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE